STATE OF LOUISIANA                    NUMBER: 02-CR-267 & 268  DIV: A

                                      20TH JUDICIAL DISTRICT COURT

VERSUS                                PARISH OF EAST FELICIANA

MICHAEL JOSEPH DIXON                  STATE OF LOUISIANA

---

### ORDER

Petitioner has filed a pleading styled "Petition for Order of Exemption from Louisiana Sex Offender Registration Requirements."   Petitioner claims he is subject only to the sex offender registration requirements in effect at the time the crime was committed. However, the Supreme Court of Louisiana, in *State ex rel William Olivieri vs. State of Louisiana,* 779 So.2d 735, found that the retroactive application of Louisiana's "Registration of Sex Offenders" statutes, Louisiana Revised Statute 15:540 et seq, does not violate the constitutional prohibition against the enactment of ex post facto laws.  Furthermore, under LA R.S. 15:542(F)(1), the registration and notification requirements for sex offenders cannot be waived or suspended by any court.  Accordingly;

IT IS ORDERED that Petitioner's "Petition for Order of Exemption from Louisiana Sex Offender Registration Requirements" be and the same hereby is DENIED.

Signed this __1st__ day of June, 2012, at Clinton, Louisiana

                                    _George H. Ware, Jr._
                                    George H. Ware, Jr., Judge

**Please serve:**

Michael Dixon #457741
LCS – Caldwell Detentional Center (B-4)
701 Hwy 845
Grayson, LA 71435

STATE OF LOUISIANA        20TH JUDICIAL DISTRICT COURT

VERSUS        DOCKET NO.: 02CR267, 02CR268

MICHEAL DIXON        PARISH OF EAST FELICIANA
       STATE OF LOUISIANA

FILED: _____        _____
                             CLERK OF COURT

## MOTION FOR EXEMPTION FROM THE LOUISIANA SEX-OFFENDER REGISTRATION REQUIREMENTS

MAY IT PLEASE THE COURT:

Now into this Honorable Court comes, Michael Dixon, Defendant/Petitioner herein pro se and indigent, who moves this Honorable Court for an order of exemption from the Louisiana Sex Offender Registration Requirements of La. R.S. 15:540, et seq.

Defendant/Petitioner presents the following in support of his motion for exempt, to wit:

I.

Venue is vested into this Honorable Court pursuant to the Louisiana Constitution 1974 and Louisiana Rules of Court.

II.

On November 29, 2001 an Investigator Dwight W. Miller of the Missouri State Prison, WERDCC, P.O. Box 300, Vandalia, Mo contacted the East Feliciana Parish Sheriff's Department, in violation of requirements to contact the United States Justice Department first, and reported that while screening mail going to inmate Serina Meeks, MDOC# 085297 for contraband, he discovered an alleged pornographic photograph with a letter form Angel Dixon form the address of 6120 Highway 19, Ethel, Louisiana 70730.

Investigator Miller allegedly reported that the photograph depicting an unidentified female engaged in performing oral sex on an unidentified male. Investigator Miller allegedly also reported the letter from Angel Dixon identifies the male as "Michael, presumed to be Michael Dixon" and the female as "Michelle, Michael's sister." in an incestuous relationship.

Michael Dixon's step sister, Michelle Renee Vidrine was nineteen (19) years old on June 11, 2001 when the Photograph was taken, which the photograph had date and time imprinted by camera on the front in the lower right-hand corner, "06-11-01; 9:15am".

Investigator Miller allegedly reported the letter was signed by Angel Dixon. Investigator Miller allegedly forwarded the letter and the photograph to Detective Don McKey of the East Feliciana Sheriff's Department.

Investigator Miller allegedly later also reported that inmate Serina Meeks MDOC# 085297 also had been receiving correspondence with Michael Dixon from the same address, although none of this was ever verified and there was no mention of Michael Dixon sending any type of imagitry to Ms, Meeks.

Upon receipt of the letter and the photograph sent to Ms. Serina Meeks by Mrs. Angel Dixon, Detective Don McKey's Police Report claims to "recognized the female as Theresa Angel Dixon from a previous complaint" a woman who was taken in San Diego, California. Detective Don McKey then acting without "good faith" because he knew are should have known the female person in the photograph was not the age of seventeen years old, the female was later identified as Britney Jean Spears, (Born: December 02, 1981) by Ms. Carol Joseph, Investigator for the Office of Community Service-Child-Welfare Department in Clinton, Louisiana.

Detective Don McKey them while knowing the age of the female in the photograph with reckless disregard for the Constitutional requirements and Rights, did illegally obtain a General Search Warrant by deliberately misinforming Judge George H Ware Jr., the current presiding District Judge, on the basis of "Probable Cause".

The Search Warrant describes "the place" to be searched as being "registered, to Michael Dixon" although it was actually registered to Althea Elizabeth Bonds (now, Bowman).

The Search Warrant also describes the things to be seized as being "Any and All items relating to pornography involving juveniles to wit any photographs, pictures, drawings, writings, books, magazines, leaflets, all other media including electronic, including computer storage, video taping, filming, or otherwise reproducing visually of any sexual performance involving a child under the age of seventeen." emphasis added on unconstitutional over-broad for things to be seized.

In the further Michel Dixon of 321 North Chestnut Street, McComb, Mississippi 39648 is not mentioned on the Search Warrant, and Michael ~~Dixon~~ of 6120 Highway 19, Ethel,

*who was 14 years old at time*

Louisiana is not listed either as a "particular described person or item to be seized.

"Fourth and Fifth Amendments, United States Constitution.

Officers did "seize" Michel Dixon who is not listed on the Search Warrant and without Probable Cause.

Note to the Court: There was a "Michael" living at that address Michel Dixon's fourteen (14) year old son "Michael Joseph Bowman". The Warrantless arrest was made without probable cause and in violation of La. C.Cr.P. Art. 201-230, supported later by investigation by Special Agent Shelia Thorn of the Baton Rouge Office of the FBI.

The Search Warrant ordered that Detective Don McKey was to "Tabulate and make return" on all items seized. Detective Don McKey failed to do this because to do so would show how General the search warrant really is, i.e. reproductions of renaissance paintings such as the famed 'Madonna and Christ' by Michael D'Angelio.

The State dismissed the Incest charge after Michel Dixon's step-sister proved; one, she is not the female in the photograph, or any other pornographic images, and two, she was nineteen (19) years old at the time the photograph was taken. (DOB: December 06, 1981)

The State transferred the Carnal Knowledge of Juveniles charge to the 21st Judicial District Court, Tangipahoa Parish, State of Louisiana, Judge Michael Douglas Hughes presiding. Judge Hughes dismissed the charges on face without assigning a docket number, as he recognized the female in the photograph as pop-singer Britney Jean Spears born: December 02, 1981 and she would have been nineteen (19) years old at the time the photograph was taken. The original docket number in the 20th Judicial District Court, was No.: 02CR268 (the same number as the Cruelty to Juveniles charge). Britney Spears later confirmed her age at time the photograph was taken and that she was in the State of California at the time. See interview with Barbara Walters on November 16, 2003, ABC's Primetime; and also an interview on November 13, 2003 on NBC's Nightline: In The Zone With Britney Spears.   *① Incert Corpus Dilecti rule.*

On March 01, 2002, Mr. Dixon was formally arraigned, two (2) months and seventeen (17) days if illegal incarceration, on three (3) counts of La. R.S. 14:81(A)(3) Pornography Involving Juveniles [bases on the single person in the photograph] is:

1) Twenty-eight (28) years old Theresa Angel Dixon.

2) Twenty (20) year old Christina Aguilera.

3) Either Nineteen (19) year old Britney Spears, or Nineteen (19) year old

Michelle Renee Vadrine.

Bail was excessively set in violation of the United States Constitution, Eight

Amendment at $50,000.

On July 14, 2002 the then District Attorney, Mr. Charles Shropshire and Mr.

Michel Dixon reached a negotiation in a plea agreement in which the charges would be

reduced to only one (1) count of obscenity, La. R.S. 14:106 for a two (2) year sentence

suspended to probation, and one (1) count of Cruelty to Juveniles (for Mr. Dixon leaving

his then two and a half year old son in the care of the child's biological mother, Theresa

Angel Dixon), La. R.S. 93 for six (6) months in the parish jail with time served.

On August 13, 2002 the trial Court overruled the plea agreement despite

objections from both Mr. Shropshire and Mr. Dixon, for some unexplained reason Mr.

Dixon's court appointed counsel, Mr. Samuel C. D'Aquilla supported the Court's

overruling the plea agreement. The then presiding Judge, Honorable Wilson R. Ramshur

then dismissed Mr. Shropshire as prosecutor and appointed the  Assistant District

Attorney , Mr. William Carmichael. (who was candidate and now holds Judge Ramshur's

seat as Judge showing conflict of interest.)

On August 26, 2002 Mr. Michel Dixon was returned to Court for a Second

Hearing and again pleas "Not Guilty" to the three (3) counts of Pornography Involving

Juveniles, and one (1) count Cruelty to Juveniles. The trial Court stated, "A not guilty

plea will not be excepted", and ordered Mr. D'Aquilla to "Speak with Mr. Dixon and

make this matter clear to him, that he isn't getting a choice in this matter. "Later Mr.

D'Aquilla came to the jail and informed Mr. Dixon that he (Mr. D'Aquilla) has

negotiated an agreement with the Judge and Mr. Carmichael in which Mr. Dixon (on a

first offence with no priors) would plead to the charges and receive a ten (10) year

sentence (he did not inform Mr. Dixon that the maximum is ten (10) years), or Mr. Dixon

would receive forty (40) years if he plead "not guilty" one more time.

After Mr. D'Aquilla left Lt. Vega and Deputies Chip Bunch (the Sheriff's son)

and Chad Goudreaux entered the interview room and began to physically beat Mr. Dixon

taking turns for a long time, then the two deputies held Mr. Dixon while Lt. Vega

produced a pistol and placed it to Mr. Dixon's head saying if he did not take the plea the next day then he would not live to the end of the week, also Lt. Vega made it clear that the Judge, the Assistant District Attorney and Mr. D'Aquilla authorized the threat and beatings.

On August 27th, 2002 Mr. Dixon under threat of life was coerced into a plea of Nolo Contendere to two (2) counts of Pornography involving Juveniles, La. R.S. 14:81.1 (A)(3) for ten (10) year sentences to run concurrently, and to one (1) count of Cruelty to Juveniles, La R.S. 14:93 for six (6) month in the Parish Jail to run consecutive to the two ten (10) years with credit for time served.

III.

on August 27 2002

La. R.S. 15:540-549 provides that the Court at sentencing is required to inform the defendant in writing and on record whether the defendant is required to register as a sex offender.

Defendant, Michael Dixon, was not aware of or informed of any Sex-Offender Registration Laws until a year after conviction by way of televised news mentioning it and fellow inmates harassing the defendant about it.

Defendant was not technically officially informed of the requirements until February 10, 2012 and only verbally told by a Corrections Officer at LCS-South Louisiana Correctional Center in Basil, La. while filling out Pre-Release forms for his good time release date of March 03, 2012 on the six months charge, docket no.: 02CR268, of which release was denied on grounds of failure to meet requirements of La. R.S. 15:540 et seq. Louisiana Sex-Offender Registration Requirements.

In the further, Defendant is informed, again only verbally, by correctional officer that if requirements are not met by Defendant's full time date of June 10, 2012 that they will (illegally) refuse to release him even though his sentence is served in full and complete.

IV.

Defendant avers that he shall be exempt from the requirements of La. R.S. 15:540 et seq. in that:

1) The court failed to give written notice and *in* record of registration requirements as part of sentence. See ***State v. Payne***, *633 So.2d 701*, ***State v. Sutton***, *904 So.2d 419 (La. 2004)* and ***State v. Calhoune***, *694 So.2d 909*

2) Applying the requirements now violates State and Federal Constitutional Ex Post Facto prohibitions. *see Smith v. Doe, 538 u.s, 84, 123 S, Ct, 1140 (2003)*

3) Statute violates Louisiana Constitution 1974, Article I, Section 20 which provides, "No law shall subject any person to euthanasia, to torture, or to cruel, excessive, or unusual punishment. Full Rights of citizenship shall be restored upon termination of State and Federal supervision following conviction for any offense."(emphasis added)

Statute creates an excessive sentence and is a needless purposeless harassment which discriminates offenders in violation of "Equal Protection of Law" of the State and Federal Constitutions. ***State v. Bonie***, *817 So.2d 48.* also see ***State v. Helou***, *822 So.2d 647 (La. 2002)* and ***State v. Easley***, *434 So.2d 910* and "there is no such thing as a victimless crime" ***Ginzberg v. United States***, *383 U.S. 463* the statute provides for no victim involved.

The defendant also contends that the requirement that he register as a sex offender under La. R.S. 15:540, et seq. is illegal because the particular statutory provisions are unconstitutional on their face and as applied to him. Specifically, the defendant argues that these statutory provisions are an unconstitutional violation of the right to equal protection of law, double jeopardy, and privacy. Additionally, the defendant contends that these provisions are unconstitutional as applied to him since they were not enacted at the time of the offense and, sentencing therefore, constitute violations of the ex post facto clauses of the United States and the Louisiana Constitution. (also Due Process of Law)

Article I, section 20 of the Louisiana Constitution prohibits the imposition of excessive punishment. A sentence is constitutionally excessive if it is grossly disproportionate to the seriousness of the offense or is nothing more than a purposeless and needles infliction of pain and suffering, and this statute is "nothing more than a purposeless and needless infliction of pain and suffering" as it is proven to be ineffective and pointless as that is the purpose for AFIS, CODIS, and NCIC.

Registration as a sex offender pursuant to La R.S. 15:540-549 exposes the

defendant to the possibility of additional criminal penalties for no alleged criminal

conduct. If the defendant should fail to comply with these provisions, unless he has been

relieved of the duty to register pursuant to La. 15:544 (B), he is placed in Double

Jeopardy by being exposed to a fine, imprisonment or both. See La. R.S. 542(F). [But

find that this defendant should not be required to register as a sex offender pursuant to

La. R.S. 15:540-549 in this case.] Mr. Dixon was never officially informed of the

requirements as required. Requiring him to register would be a violation of the ex post

facto provisions in the United States and Louisiana Constitutions. Since registration

under La. R.S. 540-549 is not to be applied to this defendant under these facts, we

address the issue of whether such provisions are constitutional on their face. Constitution

Article I, section 23. This prohibition extends to the enforcement of any enactment which

changes the punishment to inflict a greater penalty than that authorized for the crime at

the time of its commission. Thus, legislation ~~which~~ *Federal* passed that registration requirement

be a Civil statute not a criminal statute as the state has made it. *of Louisiana* *Smith v. Doe, 538 U.S. 84,*
*123 S.CC. 1140 (2003).*

   4) The statutes La. R.S. 14:81.1(A)(3) and 14:93 are not listed in R.S. 15:541 as

statutes required to register as a sex-offender. *at time of offense or conviction*

*(2001 ed.)*  R.S. 15:542 provides "A. The following persons shall be required to register and

provide notification as a sex offender or Child predator in accordance with the provisions

of this chapter:"

   The statutes the defendant is convicted under are not listed as required to register,

*at time of alleged offense and conviction,*

CONCLUSION

WHEREFORE, the defendant/petitioner, Michel Dixon prays that this Honorable

Court grant him an order exempting him of the requirements of La. R.S. 15:540-549 et

seq. and serve said order upon the persons and offices of : James LeBlanc, Secretary of

Louisiana Department of Public Safety and Corrections, P.O. Box 94304, Baton Rouge,

Louisiana 70804; Col. Michael D Edmonson, Louisiana State Police, P.O. Box 6614,

Baton Rouge, Louisiana 70896; Sheriff of East Baton Rouge Parish Sheriff's

Department; and Regional Director of FBI Baton Rouge Office, P.O. Box 83059 Baton

Rouge, Louisiana 70884; *and Chief of Police for Baker Police Department,*
*Baker, Louisiana.*

Defendant intends to reside at 17145 Charlton Road, Baker Louisiana 70714 after

release.

Signed this 10th day of May, 20 12.

Michel Dixon

Michel Dixon, Pro se, DOC 457741
LCS-Caldwell Detention Center
701 Hwy 845
Grayson, LA 71435

# SEX OFFENDER PUBLIC NOTICE

(Pursuant to La. R.S. 15:542.1 et seq.)



I, Micheal Dixon have been convicted on August 27,2002 of the La. Statute Pornography Involving (19 yr old) Juveniles (La.R.S. 14:81.1 ) in that on June 11,2001 and December 05,2001 I was allegedly photographed engaged in sexual relations with Britney Spears and Christina Aguillera while they being 19 years old.

I was convicted in the 20th Judicial District, in East Feliciana Parish and sentenced to ten years. I was released on June 10. 2012.I am Caucasian, 6'0", 165 lb., Brown eyes, brown hair, DOB: July 14, 1969, Tattoo on left arm, wear glasses.

I am Currently living at 17145 Charlton Road, Baker, La. 70714





STATE OF LOUISIANA        20TH JUDICIAL DISTRICT COURT

VERSUS        DOCKET NO.: 02CR267, 02CR268

MICHEAL DIXON        PARISH OF EAST FELICIANA
       STATE OF LOUISIANA

FILED: _____        _____
                CLERK OF COURT

## O R D E R

Considering the forgoing motion for exemption from requirements to register as a sex-offender:

IT IS HEREBY ORDERED that the Defendant be granted exemption from the requirements of Louisiana Revised Statute 15:540 et seq.

IT IS FURTHER ORDERED that upon completion of the Defendant's sentence which is June 10, 2012 he shall be released from custody of the Louisiana Department of Public Safety and Corrections, and full rights restored as required by Louisiana Constitution 1974, Article I, section 20.

SIGNED in _____ Parish on this _____ day of _____, 200___.

_____
DISTRICT COURT JUDGE
Honorable George H. Ware, Jr.

PLEASE SERVE:
1) James LeBlanc, Secretary of La. Dept. Public Safety and Corr.
2) Col. Michael D. Edmonson, La. State Police.
3) Sheriff of East Baton Rouge Parish.
4) Chief of Police of the town of Baker, Louisiana.
5) Regional Director of the Baton Rouge Office of the FBI.
6) Defendant, Michael Dixon.
7) All Alleged Victims of Record.



**BOBBY JINDAL**
Governor

**JAMES M. Le BLANC**
Secretary

# State of Louisiana
## Department of Public Safety and Corrections
## Forcht Wade Correctional Center

### CERTIFICATE OF RELEASE
### COMPLETION OF SENTENCE

*NAME:*   __MICHAEL DIXON__      *DOC#* __457741__

*RACE/SEX:* ___W/M___    *DOB:* __07/14/1969__

*PHYSICAL LOCATION:* __CALDWELL DETENTION CENTER__

*This is to certify that the above subject has completed the __hard labor custody requirements__ for the below listed case(s).*

| *Parish* | *Docket Number* |
|----------|-----------------|
| EFL      | *02CR267, 02CR268* |

\*\*   *This release certificate in no way affects any reporting instructions of the sentence imposed by the court, and/or reporting requirements of statutory law.*

\*\*   *This release does not impact the status of other cases for this individual.*

**RELEASE EFFECTIVE THIS _10^{TH}_ DAY OF THE MONTH OF _JUNE_ IN THE YEAR OF OUR LORD _2012_.**

_WARDEN_ _____

7990 Caddo Drive, Keithville, Louisiana 71047 • (318) 925-7100 • Fax (318) 925-7106
www.doc.la.gov
An Equal Opportunity Employer

COMMITMENT TO THE DEPARTMENT OF CORRECTIONS & PUBLIC SAFETY

STATE OF LOUISIANA                          NUMBER 02-CR-267

VERSUS                                      PARISH OF EAST FELICIANA

MICHEAL DIXON                               20TH JUDICIAL DISTRICT

                                            STATE OF LOUISIANA

TO: HONORABLE TALMADGE BUNCH, SHERIFF OF EAST FELICIANA, LOUISIANA
                        GREETINGS:
        WHEREAS by a decree of the Honorable Twentieth Judicial District Court for the Parish

of East Feliciana, MICHAEL DIXON has been adjudged guilty of PORNOGRAPHY

INVOLVING JUVENILES (2 COUNTS) and sentenced by said Court to imprisonment at hard

labor as follows: _Double Jeopardy_, both used _same_ Photograph taken on
                                June 11, 2001 in San Diego _of_ Michael Dix
COUNT 1-TEN (10) YEARS WITHOUT BENEFIT OF PROBATION, PAROLE OR   and Bitney Spea
    SUSPENSION OF SENTENCE WITH CREDIT GIVEN FOR TIME SERVED.   neither Possesse.
COUNT 3-TEN (10) YEARS WITHOUT BENEFIT OF PROBATION PAROLE OR   or knew
    SUSPENSION OF SENTENCE WITH CREDIT GIVEN FOR TIME SERVED TO  about
    RUN CONCURRENT WITH COUNT ONE.                              Photograp

        YOU ARE HEREBY COMMANDED to convey the said:

                        MICHEAL DIXON

to the Department of Corrections, and there deliver him with this warrant to the Director of the

Department of Corrections and Public Safety, who is hereby authorized and commanded to

receive and keep the said:

                        MICHEAL DIXON

in custody for and during said term of sentence and this shall be your warrant for so doing.

        WITNESS the Honorable WILSON R. RAMSHUR, Judge of said Court, and my

official signature and seal of office this Friday, August 30, 2002.

                                            DEBBIE D. HUDNALL
                                            CLERK OF COURT

APPENDIX D (1)                              BY

MICHAEL J. DIXON, DOC #457741          NO: 02-CR-267,268 DIV. A (FOR DIV. B)

                                       20TH JUDICIAL DISTRICT COURT

VERSUS                                 PARISH OF EAST FELICIANA

WARDEN JACK H. TOLAR,                  STATE OF LOUISIANA
CATAHOULA CORRECTIONAL CENTER

FILED: _May 23, 2003_    _Junlynn M. Balu_, DY. CLERK

## JUDGMENT ON APPLICATION FOR POST CONVICTION RELIEF

The Court having considered the application for post-conviction relief and finding that

the plea and sentence were entered pursuant to a plea bargain and that applicant has stated no

grounds for relief;

IT IS ORDERED that Petitioner's application for post-conviction relief be and the same is

hereby denied;

IT IS FURTHER ORDERED that notice of Judgment be served on Michael J. Dixon,

D.O.C. #457741, Catahoula Correctional Center, 499 Old Columbia Road, Harrisonburg,

Louisiana 71340.

Judgment read, rendered, and signed this 22nd day of _May_, 2003.

_George H. Ware, Jr._
George H. Ware, Jr., Judge, Division A


APPENDIX D2

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

---

No. 11-30984

---

IN RE: MICHEL DIXON,

                              Movant

---

Motion for an order authorizing
the United States District Court for the Middle
District of Louisiana to consider
a successive 28 U.S.C. § 2254 application

---

Before CLEMENT, OWEN, and HIGGINSON, Circuit Judges.

PER CURIAM:

    Michel Dixon, Louisiana prisoner # 457741, moves this court for an order authorizing the district court to consider a successive 28 U.S.C. § 2254 application challenging his conviction and sentence for two counts of pornography involving juveniles and one count of cruelty to juveniles. In a successive § 2254 application, Dixon seeks to raise the following claims: (1) his guilty plea was unlawfully coerced and not made with a full understanding of the consequences; (2) his conviction was obtained through evidence obtained by an unconstitutional search and seizure; (3) his conviction on the second count of pornography involving juveniles and the requirement that he register as a sex offender violate the Double Jeopardy Clause; (4) he received ineffective assistance of counsel; (5) the trial court did not have jurisdiction because federal courts had jurisdiction over the charges; (6) the State unconstitutionally withheld exculpatory evidence; (7) the statutes under which he was convicted are

unconstitutional; and (8) his conviction was unconstitutional because he was not indicted by a grand jury. Dixon does not argue that his claims are based upon a new rule of constitutional law or newly discovered evidence; instead he maintains that if the merits of his claims were not considered it would make the Constitution "a worthless piece of paper with ink blots" and that the merits of his claims can be considered at any time because he can show ineffective assistance of counsel, cause and prejudice creating a fundamental miscarriage of justice, and invalid state procedures violating constitutional prerequisites.

In his initial § 2254 application, Dixon raised all of the claims that he seeks to raise in a successive § 2254 application except for his claim that the State withheld exculpatory evidence and his claim that he was not indicted by a grand jury. Accordingly, he may not reurge these previously raised claims in a successive § 2254 application. *See* 28 U.S.C. § 2244(b)(1).

Regarding his remaining claims, Dixon has not shown that the factual predicates for those claims "could not have been discovered previously through the exercise of due diligence" or that those claims are based upon "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." § 2244(b)(2)(A), (b)(2)(B)(i). To the extent that Dixon argues that the restrictions on filing successive § 2254 applications are unconstitutional, his argument is without merit. *See Felker v. Turpin*, 518 U.S. 651, 664 (1996).

IT IS ORDERED that Dixon's motion for authorization to file a successive § 2254 application is DENIED.

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MICHAEL DIXON   (#457741)

CIVIL ACTION

VERSUS

NO. 11-397-FJP-CN

JAMES LEBLANC, ET AL

### J U D G M E N T

For the written reasons assigned:

IT IS ORDERED AND ADJUDGED that judgment shall be entered, dismissing the Petition for Writ of Habeas Corpus[1] filed by Michael Dixon, without prejudice for lack of jurisdiction.

Baton Rouge, Louisiana, July 11, 2011.

FRANK J. POLOZOLA
MIDDLE DISTRICT OF LOUISIANA

---

[1] Rec. Doc. No. 1.
Doc#47372

United States District Court
Middle District of Louisiana

UNITED STATES DISTRICT COURT                    **FILED**

MIDDLE DISTRICT OF LOUISIANA                 **June 28, 2006**

MICHAEL DIXON (#457741)

VERSUS                                    CIVIL ACTION

CLOVIS TILLERY, ET AL.                    NUMBER 06-216-FJP-SCR

O P I N I O N

After independently reviewing the entire record in this case
and for reasons set forth in the Magistrate Judge's Report to which
an objection was filed:

IT IS ORDERED that the petitioner's application for habeas
corpus relief shall be dismissed, with prejudice, as untimely
pursuant to 28 U.S.C. §2244(d) and alternatively as procedurally
barred.

Judgment shall be entered accordingly.

Baton Rouge, Louisiana, June 28, 2006.

FRANK J. POLOZOLA
MIDDLE DISTRICT OF LOUISIANA

Doc#43403

*Appendix B(3)*

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

U.S COURT OF APPEALS
FILED
JUN 2 8 2007
CHARLES R. FULBRUGE III
CLERK

No. 06-30784
USDC No. 3:06-CV-216

MICHAEL DIXON,

                              Petitioner-Appellant,

versus

CLOVIS TILLERY; CHARLES C. FOTI, JR.,

                              Respondents-Appellees.

--------------------
Appeal from the United States District Court
for the Middle District of Louisiana
--------------------

O R D E R:

    Michael Dixon, Louisiana prisoner # 457741, seeks leave to
appeal the district court's dismissal of his 28 U.S.C. § 2254
application challenging his conviction and sentence for
pornography depicting a juvenile and cruelty to a juvenile.  The
district court dismissed the application as time-barred.

    Liberally construed, Dixon's motion asserts that state
officials created an impediment to his filing the application and
that he is entitled to equitable tolling.  Dixon fails to show
that "jurists of reason would find it debatable whether the
district court was correct in its procedural ruling."  Slack v.
McDaniel, 529 U.S. 473, 484 (2000).  His motion for a certificate
of appealability is DENIED.

RHESA H. BARKSDALE
UNITED STATES CIRCUIT JUDGE

Appendix A(2)

*Civil Minute Entry*

MICHEL JOSEPH DIXON

*Versus*

BRITNEY JEAN SPEARS

Case: 2008-0002580
Division: D
21st Judicial District Court
Parish of Tangipahoa
State of Louisiana

*Judge:*  **M. DOUGLAS HUGHES**
*Date:*  9/29/2008

This day this matter came up on Petition for Damages and Restraining Order filed on behalf of the plaintiff.  No appearance was made by the plaintiff nor plaintiff counsel.  No appearance was made by the defendant nor defense counsel.  Court ordered this matter removed from the docket.



*Tangipahoa Parish Clerk of Court*

## JULIAN E. DUFRECHE, CLERK OF COURT
P.O. BOX 667 • AMITE, LOUISIANA 70422

**GARY STANGA**
CHIEF DEPUTY

**ALISON THEARD**
CHIEF FINANCIAL OFFICER

AMITE (985) 748-4146
FAX (985) 748-6503
WWW.TANGICLERK.ORG

12/11/2001

Michael Dixon
6120 HWY 19
Ethel, La. 70730

forwarded Docket No. 02-CR-268    Div. B

Filed February 25 2002

~~Junlynn M. Balan~~

Deputy Clerk EAST FELICIANA

STATE OF LOUISIANA

VERSUS,

RE:    MICHAEL DIXON
W/M
~~SSN: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 AND~~
THERESA ANN DIXON
W/F
~~SSN: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~~

| BILL OF INFORMATION |
| --- |
| R.S. 14:~~80 Indecency with acknowledge~~ |
| Offense(s) |

n or about the    JUNE 11, 2001

Dear Mr. Dixon:

      ON 12/11/2001 THE INVESTIGATOR MILLER ALSO REPORTED THAT AN UNKNOWN MALE IDENTIFIED THE MALE AS NAMED MICHEAL AND THE JUVENILE AS BRITNEY. INVESTIGATOR MILLER ALSO REPORTED THAT THE LETTER DESCRIBES THE PORNOGRAPHIC DEPICTIONS AS ORAL PORNOGRAPHY INVOLVED BETWEEN MICHEAL AND BRITNEY. INVESTIGATOR MILLER REPORTED THE LETTER WAS SIGNED BY ANGEL THERESA DIXON. PRESUMED THE "MICHEAL" WAS ALSO A DIXON. INVESTIGATOR MILLER THEN STATED THAT HE WOULD FORWARD THE MATERIAL TO THE DETECTIVE'S DIVISION OF THE SHERIFF'S DEPARTMENT.

*BRITNEY JEAN SPEARS* WAS TAKEN FOR MEDICAL EVALUATION FOR ANY SIGNS OF a Sexual Relationship with the Defendant while she was "under the age of seventeen" Spears, 21, acknowledged she had sex to lose her virginity.

      A COPY OF THE MEDICAL REPORT IS ATTACHED TO THIS REPORT.
MEDICAL EVALUATION CONCLUDED THAT On DECEMBER 5, 2001 SUSPECTED THAT MICHAEL DIXON AND THERESA DIXON RECEIVED ORAL SEX OBSERVED UPON RECEIPT OF PORNOGRAPH ON 11/29/2001

Very truly yours,

Deputy Clerk of Court

---

OUR COMMITMENT TO EXCELLENCE AND CONTINUED IMPROVEMENT
IS THE FOUNDATION UPON WHICH WE SERVE THE PUBLIC AND
WORK IN PARTNERSHIP WITH THE COMMUNITY

This Document is a Public Record under LSA R. S. 44:3 A (4)

*Charge dropped before making it to Court,*
*21st Can Still Pickup.*

THE TWENTIETH JUDICIAL DISTRICT COURT
FOR THE PARISH OF EAST FELICIANA
STATE OF LOUISIANA

STATE OF LOUISIANA

VERSUS

MICHAEL DIXON
W/M
SSN: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 AND
THERESA ANN DIXON
W/F
SSN: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

Docket No. 02-CR-268  Div. B

Filed February 25, 2002

*Junlynn M. Balon*
Deputy Clerk

**BILL OF INFORMATION**

R.S. 14:80 Felony carnal knowledge

Offense(s)

CHARLES A. SHROPSHIRE, DISTRICT ATTORNEY for the Twentieth Judicial District, Parish of East

Feliciana, State of Louisiana, charges that MICHAEL DIXON AND THERESA ANN DIXON

on or about the _____ JUNE 11, 2001 THROUGH _____ day of _____ DECEMBER 5, 2001

committed the offense(s) of CRUELTY TO A JUVENILE *(Don't match above)*

violating Louisiana Revised Statutes 14:93 *(Don't match above)*, in that

*where did this come from?* *(She was 19 yrs old)* *This is for carnal knowledge discription*

On or about JUNE 11, 2001, HE committed a lewd or lascivious act upon

the person of Britney Spears under the age of seventeen years.

*(Britney Spears)* *(DOB: December 02, 1981)*

*what do they mean by lewd or lascivious act? which is it?*
*(*"Lewd" has no legal Definition; State v. Rose)*

contrary to the law of the State of Louisiana and against the peace and dignity of the same.

CHARLES A. SHROPSHIRE, DISTRICT ATTORNEY

By: Charles A. Shropshire

*Exhibit - "A"*

THE TWENTIETH JUDICIAL DISTRICT COURT
FOR THE PARISH OF EAST FELICIANA
STATE OF LOUISIANA

STATE OF LOUISIANA

VERSUS,
MICHAEL DIXON
W/M
SSN: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 AND
THERESA ANN DIXON
W/F
SSN: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

Docket No. 02-CR-268  Div. B

Filed February 25, 2002

*Junlynn M. Balan*
Deputy Clerk

| BILL OF INFORMATION |
| --- |
| R.S. 14:93 CRUELTY TO JUVENILE |
| Offense(s) |

CHARLES A. SHROPSHIRE, DISTRICT ATTORNEY for the Twentieth Judicial District, Parish of East Feliciana, State of Louisiana, charges that   MICHAEL DIXON AND THERESA ANN DIXON

on or about the_____ JUNE 11, 2001 THROUGH day of _____ DECEMBER 5, 2001 ,

committed the offense(s) of _____ CRUELTY TO A JUVENILE

violating Louisiana Revised Statutes _____ 14:93 _____, in that

THEY, being over the age of 17, intentionally, or in a criminally negligent manner, mistreated or neglected a child under the age of 17 whereby unjustifiable pain and suffering was caused.

*Violation of LSA-C.Cr.P. Art. 464, 465, 473*

1). not specific on who "They" are,
2). not specific on age of Persons Involved,
3). which mistreated? or neglected? or both? to Vage, not specific? and specifically How?
4). who "must be Repesented by name or Offender(s) and Initials of Alleged Victim(s)",
5). must give specific age of Persons involved,
6). How unjustified?
7). what specific pain and suffering caused?
8). where did the dates come from? Dates not based on Facts,

Exhibit "B-1"

THE TWENTIETH JUDICIAL DISTRICT COURT
FOR THE PARISH OF EAST FELICIANA
STATE OF LOUISIANA

STATE OF LOUISIANA

VERSUS

MICHAEL DIXON
W/M
~~SSN: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~~ AND
THERESA ANN DIXON
W/F
~~SSN: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~~

Docket No. 02-CR-267    Div. B

Filed February 25 2002

Junlynn M. Ballin
Deputy Clerk

---
**BILL OF INFORMATION**

R.S. 14:81.1(A)(3) PORNOGRAPHY
INVOLVING JUVENILES
Offense(s)
---

*Proved unconstitutional in*
*State v. Cinel, 646 So.2d 309*
*"statute too over-breath"*

CHARLES A. SHROPSHIRE, DISTRICT ATTORNEY for the Twentieth Judicial District, Parish of East

Feliciana, State of Louisiana, charges that MICHAEL DIXON AND THERESA ANN DIXON

on or about the **SEE DATES BELOW** day of _____,

committed the offense(s) of PORONOGRAPHY INVOLVING JUVENILES (3CTS.)

violating Louisiana Revised Statutes 14:81.1(A)(3), in that

*Violates LSA-C.Cr.P. Art. 464, 465, not Specific enough.*

COUNT 1: On or about JUNE 11, 2001 they intentionally possessed photographs, films, videotapes or other visual reproduciton of sexual performance involving a child under the age of seventeen years. *what sexual* *Not in State on date, Alleged victim 19 yr old. what child? Who are they? Performance*

COUNT 2: On or about NOVEMBER 29, 2001 they intentionally distributed photographs, films, videotapes or other visual reproduction of sexual performance involving a child under the age of seventeen years. *only Angel* *was the person sent the letter and Photograph. Violates Federal Jurisdiction.*

COUNT 3: On or about DECEMBER 5, 2001 they intentionally possessed with intent to distribute photographs, films, videotapes or other visual reproduction of sexual performance involving a child under the age of seventeen years.

*what "Sexual Performance"? and what "Child"? and Prof of age of Persons involved? C.Cr.P. Art. 464, 465, 473, failed to produce any evidence except one photograph taken on June 11, 2001 of 19 yr old Britney Spear and michael Dixon having sex.*

*Count 2 dismissed as to Michael Dixon only 8/27/02*

(Exhibit "B-2")

# SUPREME COURT OF THE UNITED STATES
## OFFICE OF THE CLERK
### WASHINGTON, DC  20543-0001

August 11, 2011

Michel Dixon
#457741
3843 Stagg Avenue
Basile, LA 70515

    RE: Michel Dixon v. Louisiana
        Supreme Court of Louisiana No. 2010-KH-0344

Dear Mr. Dixon:

    The above-entitled petition for a writ of certiorari was postmarked August 5, 2011 and received August 11, 2011.  The papers are returned for the following reason(s):

    The petition is out-of-time.  The date of the lower court judgment or order denying a timely petition for rehearing was February 11, 2011.  Therefore, the petition was due on or before May 12, 2011.  Rules 13.1, 29.2 and 30.1.  When the time to file a petition for a writ of certiorari in a civil case (habeas action included) has expired, the Court no longer has the power to review the petition.

                          Sincerely,
                          William K. Suter, Clerk
                          By:

                          Jeffrey Atkins
                          (202) 479-3263

Enclosures