UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| MICHAEL DIXON | * | CIVIL ACTION NO. 13-466-JWD-RLB |
|---|---|---|
| versus | * | |
| STATE OF LOUISIANA | * | JUDGE JOHN W. DEGRAVELLES |
| | * | MAGISTRATE JUDGE RICHARD L. BOURGEOIS, JR. |

**********************************************************************

## **MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

MAY IT PLEASE THE COURT:

The State of Louisiana submits this memorandum in support of its motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

### I.  INTRODUCTION

Plaintiff Dixon is a convicted sex offender who has filed this suit which apparently purports to challenge his original conviction and sentence as well as the resulting sex offender registration obligation under Louisiana law. For the reasons discussed below, plaintiff's pleadings fail to state a claim upon which relief can be granted and should be dismissed, with prejudice, at plaintiff's cost.

### II.  BACKGROUND FACTS

Plaintiff pleaded no contest to and was convicted of two counts of two counts of violating La. R.S. 14.81.1, Pornography Involving Juveniles and one count of Cruelty to a Juvenile, La. R.S. 14:93. Since the time of his conviction, he has filed multiple actions seeking post-conviction

relief in state and federal court, all of which have been denied.[1] The instant suit focuses primarily on his obligation to register as a sex offender. Plaintiff complains that Louisiana's sex offender registration law is unconstitutional on its face and as applied to him.

### III. LAW AND ARGUMENT

#### A. Legal standard—Fed. R. Civ. P. 12(b)(6)

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a motion to dismiss for failure of the complaint to state a claim on which relief can be granted. While a complaint need not have detailed factual allegations, a Plaintiff does have the obligation to provide the grounds for his entitlement to relief.[2] When reviewing the motion, the court accepts plaintiff's factual allegations as true.[3] Plaintiff must plead enough facts to state a claim for relief that is plausible on its face.[4] "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact) . . . ."[5] Conclusory allegations and unwarranted factual deductions will not suffice to avoid a motion to dismiss.[6]

#### B. Plaintiff cannot challenge his conviction or sentence through this suit

Plaintiff has unsuccessfully sought post conviction relief from his sentence in both state and federal courts on various grounds, including those raised in this action. Each of those actions has been denied. He is barred from further challenges to his conviction or sentence on those grounds and thus no further argument will be made by the State herein in that regard. To the extent he is seeking to raise them again before this Court, his pleadings fail to state a claim upon

---

[1] *See, e.g., Dixon v. Tillery*, 06-30784 (5th Cir. 6/22/07); *In Re: Michael Dixon*, 11-30984 (5th Cir.); *State of Louisiana v. Michael Joseph Dixon*, 02-CR-267 & 268, 20th Judicial District Court, 6/1/2012; and additional procedural history recounted in plaintiff's pleadings.
[2] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955 (2007).
[3] *Id.*
[4] *Id.* at 570.
[5] *Id.* at 1965.
[6] *United States ex rel. Willard v. Humana Health Plan of Texas, Inc.*, 336 F.3d 375, 379 (5th Cir. 2003).

which relief can be granted pursuant to FRCP 12(b)(6).

      C.      Louisiana's sex offender registration laws are facially constitutional

Plaintiff challenges the registration requirements in La. R.S. 15:540, *et seq.*, on the grounds that they violate double jeopardy, excessive sentence and *ex post facto* prohibitions in the United States Constitution. These assertions fail to state a claim upon which relief can be granted and are frivolous.

These claims all fail because they rest on the inaccurate legal premise that sex offender registration is "punishment," contrary to the consistent holdings of state and federal courts. Because Louisiana's sex offender registration laws are not punitive, they cannot violate double jeopardy, excessive sentence or *ex post facto* prohibitions.[7]

The plaintiff also claims that the State's sex offender registration laws violate equal protection guarantees. This claim is also frivolous. The plaintiff does not set forth any of the facts necessary to support an equal protection claim. Sex offenders are not a suspect or quasi-suspect class and the obligation to register as a sex offender does not implicate a fundamental constitutional right.[8] Therefore, strict scrutiny is not applied to this claim. Applying the rational basis test which governs this inquiry, it is clear that Louisiana's sex offender registration laws are rationally related to the "paramount governmental interests" of pubic safety and protection articulated in La. R.S. 15:540 (A).[9] Therefore, there is no valid equal protection claim in this suit.

The plaintiff has failed to state a viable claim of facial unconstitutionality on any grounds and his claims of facial unconstitutionality must be dismissed.

---

[7]    *See, e.g., Kirschenhunter v. Sheriff's Office, Beauregard Parish*, 04-31250, 165 Fed.Appx. 362 (5th Cir. 2/3/06) and cases cited therein; *Murray v. State of Louisiana*, 09-3245, (EDLA 1/21/10) (not reported) 2010 WL 334537.
[8]    *Murray, supra.*
[9]    *Id.;* La. R.S. 15:540 (A).

D.  La. R.S. 15:540 *et seq.*, is constitutionally applied to plaintiff

Plaintiff claims that he should not be required to comply with an ongoing registration requirement because any such requirement was extinguished in September of 2013 when he suffered a heart attack, died and was resuscitated. He asks that this Court grant him a change of identity in order to establish that he is a new person who came to life with no registration obligation. He provides no statutory or jurisprudential authority for this claim or entitlement to this relief. Further, he is and remains the individual who pleaded no contest to a sex offense and whose conviction has been repeatedly upheld. Therefore, he is not relieved of his registration requirement based on his medical history.

E.  Plaintiff is not entitled to the relief he seeks

Even if plaintiff's factual allegations are taken as true, there is no basis to award him any relief he has requested. The plaintiff asks this Court to exempt him from the registration requirements in La. R.S. 15:540, e*t seq.* He is not entitled to this relief. His conviction and sentence have been upheld against multiple challenges. Further, Louisiana's sex offender registration scheme is not "punishment" and does not violate any constitutional provisions. Thus, this Court has no basis or authority on to "exempt" plaintiff from a valid and enforceable State law. Additionally, the plaintiff has stated no viable claim of unconstitutionality of La R.S. 15:540, e*t seq.*, whether facially or as applied, and is not entitled to a declaratory judgment of unconstitutionality. Finally, plaintiff is not entitled to an order from this Court changing his identity in order to avoid his registration obligation.

The plaintiff has submitted an original complaint that he has amended twice and "clarified" once. None of these four bites at the apple, nor any of his prior filings in other courts, have demonstrated any basis for relief. Because all of the facts are known and there is nothing

else that the plaintiff could say to change the law or the outcome, the Court should exercise its discretion to disallow further amendments.

## IV.  CONCLUSION

The plaintiff's claims are frivolous, do not state a claim upon which relief can be granted, and should be dismissed, with prejudice, at his cost.

RESPECTFULLY SUBMITTED,

**James D. "Buddy" Caldwell**
ATTORNEY GENERAL

  /s/  *Patricia H. Wilton*
Angelique Duhon Freel (La. Bar # 28561)
Patricia H. Wilton (La. Bar #18049)
Assistant Attorney General
Louisiana Department of Justice
Civil Division
P. O.  BOX 94005
Baton Rouge, Louisiana 70804-9005
Telephone:  (225) 326-6006
Facsimile:   (225) 326-6098
*Attorney for the State of Louisiana*

## CERTIFICATE OF SERVICE

I hereby certify that, on March 24, 2015, I electronically filed the forgoing with the Clerk of Court by using the CM/EMF system, which will send a notice of electronic filing to all counsel of record.  And I mailed a copy to Mr. Michael Joseph Dixon 17145 Charlton Road, Baker, LA 70714, U.S. Mail, postage paid.

  /s/*Patricia H. Wilton*
Patricia H. Wilton