UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MICHAEL JOSEPH DIXON,
                        Plaintiff,

                                      CIVIL ACTION

                                      No. 3:13-00466-JWD-RLB

VERSUS

STATE OF LOUISIANA,
                        Defendant.

**ORDER ON DEFENDANT'S MOTION TO DISMISS**

**I.**     **INTRODUCTION**

Before the Court is the Motion to Dismiss ("MTD"), (Doc. 18), and the Memorandum in Support of the Motion to Dismiss ("Defendant's Memorandum"), (Doc. 18-1), submitted by the State of Louisiana ("State" or "Defendant") and requesting the dismissal of the Petition for Exemption from Louisiana Sex Offender Registration Requirements ("Petition"),[1] (Doc. 1), filed by Mr. Michael Joseph[2] Dixon ("Dixon" or "Plaintiff"). Dixon has responded with the Reply to

---

[1] Though thusly styled, the Petition is more properly classified as a complaint filed pursuant to Federal Rule of Civil Procedure 8. The misnaming, while not pivotal, reflects the Petition's origins as a state court filing. *See infra* Part III.B.

[2] In various documents filed in several difference cases, "Joseph" appears as Defendant's first and middle name. (*Compare* Doc. 21 at 1, *with State v. Dixon*, 2003-160 (La. App. 3 Cir. 06/04/03); 852 So. 2d 471.) In his most recent substantive filing, Plaintiff expressly identifies "Joseph" as his middle name. (Doc. 21-1 at 1.)

Defendant's Motion to Dismiss ("Reply"), (Doc. 21), which includes the Memorandum in Support of Response to Defendant's Motion to Dismiss ("Plaintiff's Memorandum"), (Doc. 21-1). Having considered the contentions raised by Plaintiff and Defendant (collectively, "Parties"), this Court concludes that Plaintiff has failed to state a claim on which relief can be granted by any tribunal. Accordingly, with the Petition's apparent claims lacking in merit pursuant to well-settled and unambiguous law, the Petition must be dismissed in accordance with Federal Rule of Civil Procedure 12(b)(6).[3] Accordingly, for the reasons more fully explained below, this Court grants Defendant's Motion to Dismiss and terminates this civil action.

## II.     FACTUAL AND PROCEDURAL BACKGROUND

### A.     RELEVANT FACTS

Dixon pleaded no contest to two counts of pornography involving juveniles, in contravention of Louisiana Revised Statutes § 14:81.1,[4] and one count of cruelty to a juvenile, in violation of § 14:93. (*See* Doc. 18-1 at 1; Doc. 1 at 5; Doc. 1-3 at 10, 13, 14, 15, 21–25; *Dixon*, 852 So. 2d at 471–77 (reviewing the evidence presented to the trial court and concluding that "the evidence was sufficient to support the jury's verdict of second degree cruelty to a juvenile").) By Plaintiff's own admission, he subsequently became "a convicted sex offender," (Doc. 21-1 at 2; *see also* Doc. 18-1 at 1), though he regards both his conviction and his sentence to be "illegal," (Doc. 1 at 1), and "coerced," (Doc. 1-3 at 4–5). Since this conviction, Plaintiff has filed multiple actions seeking post-conviction relief in state and federal court without any

---

[3] In this opinion, any and all references to "Rule []" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise noted.

[4] In this opinion, any and all reference to "Section []" or "§ []" are to subdivisions of Louisiana Revised Statutes.

success. (Doc. 18-1 at 1 2; *see also* Doc. 1-3 at 1, 11, 13–18, 25.) He was released on June 10, 2012. (Doc. 1-3 at 12.) His exemption request was denied by the Twentieth Judicial District Court of the Parish of East Feliciana, State of Louisiana, on June 1, 2012, and he was therefore required to register as a sex offender pursuant to § 15:540 *et seq.* upon his release. (*Id.* at 1, 12.) As this law requires, a public notice summarizing his conviction and listing his physical features and current address was published in *The Advocate*. (*Id.* at 10.)

On July 15, 2013, Plaintiff filed the Petition. (Doc. 1-1 at 1.) Citing to Articles IV, V, VII, and XIV of the United States Constitution and to Article 1 of the Louisiana Constitution, as relief, he asks for an exemption from the registration requirements imposed in § 15:540 and a ruling that this section is unconstitutional as a violation of the Fourteenth Amendment's Equal Protection Clause, the Eighth Amendment's Cruel and Unusual Punishment Clause, and the Fifth Amendment's Double Jeopardy Clause, U.S. CONST. amend. XIV, VIII, V. (Doc. 1 at 2–5, 10.) He also argues he has suffered a violation of his "humane dignity" and characterizes the registration obligation as an ex post facto punishment forbidden by the third clause of the Constitution's first article, U.S. CONST. art. 1, § 9, cl. 3. (Doc. 21-1 at 2; *see also* Doc. 1 at 8–9; Doc 15 at 3; Doc. 21 at 2.) Amended twice, (Docs. 4, 5), the Petition centers on Plaintiff's obligation to register as a sex offender, with Plaintiff seeking to evade this duty by having the relevant law be deemed unconstitutional facially and as-applied to him. (*See, e.g.*, Doc. 21 at 5; Doc. 1 at 8–9; Doc. 18-1 at 2.) This emphasis remain unchanged even after a clarification, tendered by Plaintiff on March 10, 2015, of the Petition's claims. (Doc. 15.)

After a flurry of requests and orders, (Docs. 9, 10, 12, 13), Defendant timely filed the MTD and Defendant's Memorandum on March 24, 2015. (Doc. 18.) The Response and Plaintiff's Memorandum arrived on April 3, 2015. (Doc. 21.)  On November 23, 2015, a hearing

on the MTD was scheduled for January 12, 2016, at 2:00 p.m., on November 23, 2015. (Doc. 25.) On January 11, 2016, in accordance with this order, this hearing is vacated. *See infra* Part IV.

**B.     PARTIES' ARGUMENTS**

Defendant articulates three arguments for the Petition's dismissal, relying entirely on Rule 12(b)(6). First, Plaintiff has already "sought post conviction relief from his sentence in both state and federal courts on various grounds, including those raised in this action," and each and every actions had been ultimately unsuccessful. (Doc. 18 at 2.) As those final judgements may not be revisited by this Court, Plaintiff's pleading fails to state a claim upon which relief can be granted. (*Id.* at 2–3.) Second, Louisiana's sex offender registration law is facially constitutional and thus does not violate the double jeopardy, excessive sentence, and ex post facto prohibitions and the equal protection guarantees set forth in the Constitution. (*Id.* at 3.) His first three constitutional claims depend upon "the inaccurate legal premise that sex offender registration is 'punishment,' contrary to the consistent holdings of state and federal courts." (*Id.*) His fourth one is equally "frivolous," as this law can pass the rational basis test, and sex offenders are simply not a suspect or quasi-suspect class. (*Id.*) Finally, Defendant attacks Plaintiff's final claim: in the State's words, Plaintiff has contended "that he should not be required to comply with an ongoing registration requirement because any such requirement was extinguished in September of 2013 when he suffered a heart attack, died and was resuscitated," thereby becoming "a new person who came to life with no registration obligation." (*Id.* at 4.) But, Defendant observes, "no statutory or jurisprudential authority for this claim or entitlement to this relief," and Plaintiff remains Mr. Michael Dixon, an offender whose conviction has been repeatedly upheld. (*Id.*) For

these reasons, as Plaintiff's claims cannot be described as anything but "frivolous," Defendant asks this Court both to dismiss the Petition and disallow further amendments. (*Id.* at 4–5.)

Essentially, the Response mirrors the Petition. (*Compare* Doc. 1, *with* Doc. 21.) Once more, Plaintiff insists registration is a punishment barred by the Eighth Amendment. (Doc. 21 at 2–4.) Once more, he invokes Article 1 of the Louisiana Constitution. (*Id.* at 3–5.) Beyond these echoes, Plaintiff attacks the Defendant's three reasons by citing, among other sources, § 15:540 *et seq.* (Doc. 21-1 at 3–4, 6–20.) The Response concludes with the same prayers for relief enumerated in the Petition, (*Compare* Doc. 21 at 5, *with* Doc. 1 at 10), and the Memorandum begins with a recitation of the same six familiar violations, (Doc. 21-1 at 2).

## III. DISCUSSION

### A. STANDARD

Rule 12(b)(6) authorizes dismissal of a complaint for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). In *Thompson v. City of Waco, Texas*, 764 F.3d 500 (5th Cir. 2014), the Fifth Circuit summarized the standard for dismissal encoded in Rule 12(b)(6) thusly:

> [The court] accept[s] all well-pleaded facts as true and view all facts in the light most favorable to the plaintiff. [The court] need not, however, accept the plaintiff's legal conclusions as true. To survive dismissal, a plaintiff must plead enough facts to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Id.* at 502–503 (internal citations and quotations omitted). This Court's duty is "to determine whether the [P]laintiff stated a legally cognizable claim that is plausible, not to evaluate the [P]laintiff's likelihood of success." *Id.* at 503. In effect, therefore, Plaintiff must set forth sufficient

factual allegations to support a viable claim under existing law. *Iqbal*, 129 S. Ct. at 1949–50 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 550, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2006)); *see also Frith v. Guardian Life Ins. Co. of Am.*, 9 F. Supp. 2d 734, 737–38 (S.D. Tex. 1998). If no claim advanced meets this plausibility touchstone, the federal case must end in accordance with Rule 12(b)(6).

Significantly, the substantive law relevant to Plaintiff's unwieldy claims is partly federal and partly state in nature. Enacted as part of the Adam Walsh Child Protection and Safety Act of 2006, the federal Sex Offender Registration and Notification Act ("SORNA") imposes a federal obligation on anyone convicted of a sex offense, defined as a crime that has an element involving a sexual act or sexual contact with another. to register in each jurisdiction in which he resides, works, or attends school by providing his name, social security number, home and work addresses, and vehicle description(s), and to keep his registration current. 42 U.S.C. §§ 16911(1), (5)(A)(i), 16913, 16914; *United States v. Bowdich*, No. 12-CR-13, 2012 U.S. Dist. LEXIS 32313, at *2, 2012 WL 843716, at *1 (E.D. Wis. Feb. 21, 2012) (so stating). For purposes of this act's criminal enforcement provision, the offender must "travel[] in interstate or foreign commerce, or enter[] or leave[], or reside[] in Indian country." 18 U.S.C. § 2250(a); *United States v. Cotton*, 760 F. Supp. 2d 116, 140 (D.D.C. 2011) (emphasizing that courts have "upheld the registration provision of SORNA under the Necessary and Proper Clause of the Constitution"); *United States v. Guzman*, 591 F.3d 83, 89 (2d Cir. 2010) (citing statute). However, so as to fulfill its broader purpose and regardless of Congress' power over certain kinds of intrastate activity, *United States v. Whaley*, 577 F.3d 254, 259–60 (5th Cir. 2009); *see also, e.g.*, *Guzman*, 591 F.3d at 91; *United States v. Howell*, 552 F.3d 709, 717 (8th Cir. 2009), SORNA also gives the states powerful financial incentives to maintain a sex offender registry, 42 U.S.C. §§ 16912 ("Each jurisdiction shall

maintain a jurisdiction-wide sex offender registry conforming to the requirements of this subchapter."), 16925(a) (providing that a nonconforming jurisdiction "shall not receive 10 percent of the funds that would otherwise be allocated for that fiscal year to the jurisdiction under . . . the Omnibus Crime Control and Safe Streets Act of 1968"); *cf. United States v. David*, No. 1:08CR11, 2008 U.S. Dist. LEXIS 38613, at *12 n.7, 2008 WL 2045830, at *4 n.7 (W.D.N.C. May 12, 2008) (observing that "the federal government cannot literally compel states to comply with SORNA"). According to the United States Department of Justice, soon after this act's passage, seventeen states substantially implemented SORNA. *United States v. Lott*, 912 F. Supp. 2d 146, 148 n.3 (D. Vt. 2012) (citing THE OFFICE OF SEX OFFENDER SENTENCING, MONITORING, APPREHENDING, REGISTERING, AND TRACKING, SORNA (last visited on Jan. 5, 2016)). Louisiana was one such state. LA. R.S. § 15:540 *et seq.*; THE OFFICE OF SEX OFFENDER SENTENCING, MONITORING, APPREHENDING, REGISTERING, AND TRACKING, SORNA SUBSTANTIAL IMPLEMENTATION REVIEW – STATE OF LOUISIANA (July 7, 2011). In fact, at the time that SORNA was enacted in 2006, every state, including Louisiana, had already enacted a sex offender registration law. *Cotton*, 760 F. Supp. 2d at 140.

B.  **APPLICATION**

As a threshold matter, none of Plaintiff's four constitutional arguments have merit. As the Supreme Court has itself stated, sex offender registration laws do not violate the Constitution's Ex Post Facto Clause. *Smith v. Doe*, 538 U.S. 84, 105–06, 123 S. Ct. 1140, 1154, 155 L. Ed. 2d 164 (2002). No fundamental right protected by the Equal Protection Clause is implicated in a state's sex registration requirement, and thus no right to "humane dignity" offended by its existence. *See, e.g.*, *Gunderson v. Hvass*, 339 F.3d 639, 643 (8th Cir. 2003). In the words of one

court, "[c]ivil regimes may impose criminal penalties for violations of their regulatory requirements and vice versa" without running afoul of the Eighth Amendment, *United States v. Under Seal*, 709 F.3d 257, 264 (4th Cir. 2013), and the Supreme Court itself has described registration by convicted sex offenders as "nonpunitive," *Smith*, 538 U.S. at 106. So convinced, courts have refused to find that such registration satisfies the high threshold for cruel and unusual punishment set forth in the Eighth Amendment. *See, e.g.*, *Chrenko v. Riley*, 560 F. App'x 832, 834–35 (11th Cir. 2014); *United States v. Juvenile Male*, 670 F.3d 999, 1010 (9th Cir. 2012). For identical reasons, double jeopardy themed attacks have fared the same. *See United States v. One Assortment of 89 Firearms*, 465 U.S. 354, 364 n.6, 104 S. Ct. 1099, 79 L. Ed. 2d 361 (1984) (holding that forfeiture proceeding was not barred by the double jeopardy clause because it was not intended as punishment).  In sum, every one of Plaintiff's constitutional challenges do not pass the minimal thresholds that any plaintiff must cross before a court will find a violation of the Constitution's Fourth, Fifth, Eighth, and Fourteenth Amendments.

Plaintiff's state law claims, meanwhile, fail for a different reason. As the Petition itself reveals in an attachment, he has already made this argument to a state court, and a Louisiana court has ruled on this precise issue of state law.[5] (Doc. 1-3 at 1–9.) As such, the Petition in actuality amounts to an appeal of a matter previously adjudicated by a state tribunal, and a venerable doctrine rooted in two cases—the *Rooker-Feldman* Doctrine—and a statute--thus applies. Distilled to its bare minimum, this longstanding juridical rule bars a losing party in state court "from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. De Grandy*, 512 U.S. 997, 1005–06, 114 S. Ct.

---

[5] In fact, that court even ruled on Plaintiff's present constitutional arguments. (*Id.*)

2647, 129 L. Ed. 2d 775 (1994); *see also Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S. Ct. 1517, 1521–22, 161 L. Ed. 2d 454 (2005) (confining this doctrine "to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments").[6] Plaintiff has already advanced his Louisiana law-based claims in state court—and he has lost. The only federal court with appellate authority over such a decision is the Supreme Court, for that is the *Rooker-Feldman* Doctrine. *See In re Lodholtz*, 769 F.3d 531, 534 (7th Cir. 2014). Its elements having been met, this Court has no power to rule. *See Van Tassel v. Hodge*, 565 F. App'x 135, 138 (3d Cir. 2014).[7]

## IV.  CONCLUSION

Plaintiff's constitutional claims cannot withstand close scrutiny, and his state law claims have already been examined—and determined—by another court. As such, the Petition lacks any basis in law and states no viable cause of action that can survive Rule 12(b)(6)'s review. Accordingly, for the foregoing reasons, the Motion to Dismiss, (Doc. 18), is GRANTED, and this Court DISMISSES WITHOUT PREJUDICE the Petition.  IT IS FURTHER ORDERED that

---

[6] Arguably, preclusion principles can be said to apply. *See Exxon Mobil Corp.*, 544 U.S. at 292. However, Defendant has not presented any such argument in great detail, as jurisprudence requires for preclusion to be found.

[7] The Court discerns no merit in Dixon's argument that his recovery from a heart attack birthed him anew. Beforehand, he was known as Michael J. Dixon; afterwards, he bore the same name and the same features. Beforehand, he had one social security number; afterwards, he had the same. Certainly, he has presented no evidence that he himself abandoned every vestige of his former self, and that failure alone strongly suggests he saw himself as the same man. To contend that such medical incidents create a new person, though neither memory nor self has changed, is a vision too fantastical for the law (or logic) to countenance, as the total absence of legal support for Plaintiff's claim intimates rather clearly. Its creativity, however, cannot be doubted.

oral argument currently previously set 2:00 p.m. on January 12, 2016, is canceled. Judgment shall be entered accordingly.

    Signed in Baton Rouge, Louisiana, on <u>January 11, 2016</u>.

                                          **JUDGE JOHN W. deGRAVELLES**
                                          **UNITED STATES DISTRICT COURT**
                                          **MIDDLE DISTRICT OF LOUISIANA**